UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCINNIS,<br><br>  Plaintiff,<br><br>  v.<br><br>VAUGHN, et al.,<br><br>  Defendants. | No. 2:17-cv-1318 CKD P<br><br>ORDER |

Plaintiff is a California prisoner proceeding pro se and in forma pauperis. On November 16, 2017, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court found as follows:

> The court has conducted the required screening and finds that plaintiff's complaint states a claim against defendant Herrera upon which relief could be granted arising under the Eighth Amendment for excessive force as alleged by plaintiff in claim II. In all other respects, plaintiff's complaint fails to state claims upon which relief can be granted.
>
> At this point, plaintiff has two options: 1) he may either proceed only on the claim identified above; or 2) attempt to cure the deficiencies with respect to other claims in an amended complaint.

Plaintiff was informed that if he elected to file an amended complaint:

> [T]he court cannot refer to a prior pleading in order to make an amended pleading complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any

prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

On December 6, 2017, plaintiff filed a document titled "amended complaints." In that document, plaintiff attempts to re-plead some of the claims presented in his original complaint and adds new claims. However, he omits his claim against defendant Herrera. It appears plaintiff's intent is to supplement his claim against defendant Herrera, despite the court's admonition that his amended complaint needs to include all claims.

Also, plaintiff ignored that court's admonition that:

> Pursuant to Federal Rule of Civil Procedure 20(a)(2), plaintiff may join in one action as many claims as he has against one defendant. Other defendants can be joined to claims, but claims which are only against other defendants generally must be brought in a separate action.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's December 6, 2016 "amended complaints" is stricken; and

2. Plaintiff is granted 30 days within which to file an amended complaint which complies with the terms of the court's November 16, 2017 order. If plaintiff fails to file an amended complaint by the deadline, this action will proceed on plaintiff's claim arising under the Eighth Amendment against defendant Herrera identified in plaintiff's original complaint.

Dated: March 13, 2018

*[signature: Carolyn K. Delaney]*

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
mcin1318.sup

2